# EXHIBIT "A"

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Delaware County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: CV-2025-009722 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Fredrick Kachele

Lead Defendant's Name: COSTCO Wholesale Corporation

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Gerald B. Baldino, III, Esquire

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

FILED 10-24-2025 12:29 PM OFFICE OF JUDICIAL SUPPORT DELAWARE COUNTY, PA

*Updated 1/1/2011*

| | |
|---|---|
| FREDRICK KACHELE<br>685 Andover Road<br>Newtown Square, PA 19073<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO WHOLESALE MEMBERSHIP, INC.<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO WHOLESALE<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>JOHN DOE 1-2<br><br>Defendants. | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br>DOCKET NO. CV-2025-009722<br><br>*Jury Trial Demanded* |

**NOTICE TO DEFEND**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYERS REFERENCE SERVICE
Front and Lemon Streets
Media, Pennsylvania 19063
(610) 566-6625

**SACCHETTA & BALDINO**
By: Gerald B. Baldino, III, Esquire
Attorney I.D. No. 326111
Gerald B. Baldino, Jr., Esquire
Attorney I.D. No. 55624
308 East Second Street
Media, PA 19063
610-891-9212

*This is not an arbitration matter.*
*Jury trial is demanded.*

***Attorneys for Plaintiff***

| | |
|---|---|
| FREDRICK KACHELE<br>685 Andover Road<br>Newtown Square, PA 19073<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO WHOLESALE MEMBERSHIP, INC.<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO WHOLESALE<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>COSTCO<br>700 Evergreen Drive<br>Glen Mills, PA 19342<br>And<br>JOHN DOE 1-2<br><br>Defendants. | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br>DOCKET NO. CV-2025-009722<br><br>*Jury Trial Demanded* |

## COMPLAINT

AND NOW come the plaintiff, Fredrick Kachele, by and through his undersigned counsel, Gerald B. Baldino, III, Esquire, and respectfully represents as follows:

1. Plaintiff, Fredrick Kachele, is an adult individual who resides at 685 Andover Road, Newtown Square, PA 19073.

2. Defendant Costco Wholesale Corporation is an entity existing and doing business under the laws of the State of Washington with a business address of 700 Evergreen Drive, Glen Mills, PA 19342.

3. Defendant Costco Wholesale Membership, Inc. is an entity existing and doing business under the laws of the State of California with a business address of 700 Evergreen Drive, Glen Mills, PA 19342.

4. Defendant Costco Wholesale is an entity existing and doing business under the laws of the State of Washington with a business address of 700 Evergreen Drive, Glen Mills, PA 19342.

5. Defendant Costco is an entity existing and doing business under the laws of the State of Washington with a business address of 700 Evergreen Drive, Glen Mills, PA 19342.

6. Defendant John Doe 1-2 (fictitious name) are unknown individuals, customers, and Costco Wholesale members who at all times relevant hereto were at the Costco Wholesale store located at 201 Allendale Road, King of Prussia, PA 19406 back on or about April 10, 2024 and were involved in the incident at issue as described in more detail below.

7. Defendant, John Doe 1-2's (fictitious name), identity, after reasonable investigation and due diligence, is currently unknown.

8. At all times relevant hereto, the above-named Defendants, Costco Wholesale Corporation, Costco Wholesale Membership, Inc., Costco Wholesale and Costco (hereinafter referred to as the "Costco Defendants") owned, managed, controlled, possessed, leased, operated and/or were otherwise responsible for the Costco Wholesale store and warehouse located at 201 Allendale Road, King of Prussia, PA 19406.

9. The Costco defendants regularly conduct business within the County of Delaware, including at their store and warehouse located at 700 Evergreen Drive, Glen Mills, PA 19342.

10. At all times relevant hereto, the Costco Defendants held the Costco Wholesale store and warehouse located at 201 Allendale Road, King of Prussia, PA 19406 open to business invitees, customers, members, visitors, and others for the purpose, among other things, of selling bulk groceries, electronics, furniture, and other items and services.

11. At all times relevant hereto, the Costco Defendants had a duty to keep and maintain the aforementioned premises including but not limited to the customer checkout area and pedestrian walkways in a reasonably safe condition, including the customer checkout area and pedestrian walkways of the store located at or about 201 Allendale Road, King of Prussia, PA 19406, which is the subject of this litigation.

12. At all times material hereto, Defendants had a duty to exercise due care to operate, keep clear, and/or keep safe the aforementioned premises including but not limited to the customer checkout area and pedestrian walkway.

13. At all times material hereto, Defendants acted through their agents, servants, workmen and/or employees acting within the nature and scope of their employment with Defendants in inspecting, controlling, maintaining, and operating the aforementioned store premises including but not limited to the customer checkout area and pedestrian walkway.

14. On or about April 10, 2024, Plaintiff was a lawful business invitee properly on the premises.

15. On or about April 10, 2024, Plaintiff had properly entered the property and was waiting in the checkout area in the premises when he was caused to suffer serious injuries when a large product, which upon information and belief was a sunshade, fell out of the cart of John Doe 1 and/or 2, striking him on the head and causing him to suffer serious bodily injuries, as more fully set forth below, as a result of a wet slippery condition existing in the lobby and/or waiting area.

16. At all times relevant hereto, the Costco Defendants and their agents, servants, workmen and/or employees knew or should have known that the product and/or sunshade was too large for customers to safely transport and were negligent in assisting John Doe 1 and/or 2 during checkout, such that the sunshade was caused to fall on Plaintiff.

**COUNT I - NEGLIGENCE**

**Plaintiff Fredrick Kachele v. Defendants Costco Wholesale Corporation, Costco Wholesale Membership, Inc., Costco Wholesale and Costco**

17. Plaintiff incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

18. Defendants, individually and/or by and through their agents, servants, workman, employees, officers or directors, created or allowed the dangerous and hazardous condition to exist and otherwise caused the product to fall while negligently assisting John Doe 1-2, and failed to operate the store and warehouse in accord with reasonable and appropriate retail practices.

19. The accident was caused by the defendants' negligence, in that:

(a) defendants, individually and/or by and through their agents, servants, workmen or employees caused or permitted a dangerous condition to exist;

(b) defendants, individually and/or by and through their agents, servants, workmen or employees failed to make a reasonable inspection of the checkout area, which would have revealed the dangerous condition;

(c) defendants, individually and/or by and through their agents, servants, workmen or employees failed to give warning of the dangerous condition, failed to erect barricades or to take any other safety precautions to prevent injury to the plaintiff and other customers;

(d) defendants, individually and/or by and through their agents, servants, workmen or employees failed to remove the dangerous condition;

(e) defendants, individually and/or by and through their agents, servants, workmen or employees failed to exercise reasonable prudence and due care to keep the premises in a safe condition for plaintiff and other similarly invited patrons;

(f) defendants, individually and/or by and through their agents, servants, workmen or employees failed to assist customers transporting a heavy and dangerous product despite knowing that such assistance was required;

(g) defendants, individually and/or by and through their agents, servants, workmen or employees negligently assisted customers transporting a heavy and dangerous product; and

(h) defendants, individually and/or by and through their agents, servants, workmen or employees failed to adopt and/or enforce appropriate policies and procedures regarding the transportation and sale of heavy and dangerous products within their stores.

20. The defendants, through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition, and Defendants are vicariously liable for the actions of their employees, servants and agents.

21. Solely as a result of the negligence of defendants, individually and/or by and through their agents, servants, workmen or employees, plaintiff was caused to suffer various

physical injuries, including but not limited to: traumatic injury to the head, concussion with post-concussive symptoms, traumatic injury to the neck and cervical spine, cervical radiculopathy, and injuries to the nerves and nervous system.

22. As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

23. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

24. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

25. As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

26. As a result of his injuries, plaintiff may in the future incur medical expenses and income loss.

27. As a direct result of the aforesaid accident, Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

28. As a direct result of his injuries, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff Fredrick Kachele demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand dollars, and in excess of the compulsory arbitration limit of this court.

**COUNT II - NEGLIGENCE**

**Plaintiff Fredrick Kachele v. Defendants John Doe 1-2**

29. Plaintiff incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

30. Defendant John Doe 1-2 created or allowed the dangerous and hazardous condition to exist and otherwise caused the product to fall and failed to operate the store and warehouse in accord with reasonable and appropriate retail practices.

31. The incident was caused by the defendants' negligence, in that:

(a) defendants caused or permitted a dangerous condition to exist;

(b) defendants failed to make a reasonable inspection of their shopping cart, which would have revealed the dangerous condition;

(c) defendants failed to give warning of the dangerous condition precarious nature of the product they were transporting within the store or to take any other safety precautions to prevent injury to the plaintiff and other customers;

(d) defendants failed to remove the dangerous condition;

(e) defendants failed to exercise reasonable prudence and due care while shopping and transporting large, heavy and otherwise dangerous product;

(f) defendants failed to wait for assistance when transporting a heavy and dangerous product despite knowing that such assistance was required;

(g) defendants failed to use proper equipment when transporting a heavy and dangerous product; and

(h) defendants negligently caused the large, heavy, dangerous product to fall and strike Plaintiff.

20. The defendants either had actual notice of the unsafe and dangerous condition and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition.

32. Solely as a result of the negligence of defendants, individually and/or by and through their agents, servants, workmen or employees, plaintiff was caused to suffer various physical injuries, including but not limited to: traumatic injury to the head, concussion with post-concussive symptoms, traumatic injury to the neck and cervical spine, cervical radiculopathy, and injuries to the nerves and nervous system.

33. As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

34. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

35. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

36. As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

37. As a result of his injuries, plaintiff may in the future incur medical expenses and income loss.

38. As a direct result of the aforesaid accident, Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

39. As a direct result of his injuries, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff Fredrick Kachele demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand dollars, and in excess of the compulsory arbitration limit of this court.

**SACCHETTA & BALDINO**

Date: Ocotber 24, 2025

By *_/s/ Gerald Baldino, III_*
GERALD B. BALDINO, III, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of his knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Fredrick Kachele
Fredrick Kachele (Oct 23, 2025 09:48:47 EDT)
Fredrick Kachele

FILED
10-24-2025 12:29 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA